**Deryck LaROSE, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent**

and

**Freeman Decorating Company, Intervenor.**

**No. 97–AA–1365.**

District of Columbia Court of Appeals.

Argued Nov. 16, 1998.

Decided Dec. 24, 1998.

---

Michael V. Kowalski, Washington, DC, for petitioner.

Jo Anne Robinson, Principal Deputy Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief for respondent.

Robert C. Baker, Jr., and Ann Wittik–Bravmann, Washington, DC, were on the brief for intervenor Freeman Decorating Company.

Before STEADMAN and REID, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

The appeal in this case challenges the rate and amount of compensation ordered by the Department of Employment Services ("DOES" or "agency") to be paid to petitioner as a consequence of injuries sustained in the course of his employment. Petitioner raises two issues. Initially, he urges that the agency improperly calculated his rate of disability compensation. Secondly, and alternatively, he contends that even if his compensation rate was properly calculated, the figure must at least yield an amount which satisfies a statutorily prescribed minimum. *See* D.C.Code §§ 36–305(c) and 36–308(9) (1997

Repl.). We vacate the agency's decision and remand the case.

In reviewing the agency's resolution of the first question, we observe that the decisions rendered by the Director of DOES ("Director") and the Hearings and Appeals Examiner ("Hearings Examiner") are inconsistent on this point. In calculating petitioner's total wages, the Hearings Examiner concluded petitioner "was concurrently employed by three (3) employers," and totaled or "stacked" all the wages earned.[1] *LaRose v. Freeman Decorating Co.,* H & AS 95–83, OWC No. 275384, at 2 (Aug. 8, 1995). However, the Director concluded petitioner's "wages [were] consecutive and not concurrent," *LaRose v. Freeman Decorating Co.,* Dir. Dkt. No. 95–79, H & AS 95–83, OWC No. 257384 (July 29, 1997), but nonetheless made no change in the amount of total wages found by the examiner. Although this difference need not be controlling, we bring it to the agency's attention for clarification. *See Dixon v. Freeman Decorating Co.,* Dir. Dkt. No. 89–36, H & AS No. 89–198, OWC No. 0149043 (May 9, 1990). It would be helpful if the agency would clarify the legal reasoning underlying its decision in determining the average weekly wage under D.C.Code § 36–311(a)(4) (1997 Repl.), to use the employee's employment history over the full thirteen weeks prior to the injury rather than simply the weeks in which he actually worked for the intervenor employer. *See generally* 5 A. LARSON, LARSON'S WORKERS' COMPENSATION LAW § 60 (1998 ed.).

In reviewing the question of minimum compensation, we are aware that the agency is regularly obliged to interpret the relationship between the provisions of D.C.Code §§ 36–305(c) and 36–308(9) in order to determine the minimum amount of a claimant's compensation. In the present case the agency expressly relied upon its precedent in *Joyner v. Reyna's Fashions,* H & AS No.

---

1. Petitioner obtained work through a union hiring hall and was paid on an hourly basis. In the thirteen weeks prior to the injury, he worked for intervenor employer for five nonconsecutive weeks and for one hour in a sixth week, in which he was injured, earning a total of $1778.57. In addition, during two of those weeks in which he worked for respondent, he also worked for two other employers for wages totalling $919.53. Pe-

titioner had no other employment during the thirteen-week period. The Hearings Examiner divided the total wages of $2698.10 by thirteen to arrive at an average weekly wage of $207.55. Petitioner takes the position that the Hearings Examiner should have considered only the wages earned from intervenor employer and divided that total by five weeks.

83–97, OWC No. 0001794 (Nov. 6, 1983) to resolve the question. However, this court has been apprised of a more recent agency decision where the Director "depart[ed] from the view stated in *Joyner*," because "[t]he interpretation in *Joyner* makes section 36–305(c) meaningless." *See Walker v. Unicco Serv. Co.*, Dir. Dkt. No. 98–29, H & AS 96–383, at 2 (Mar. 27, 1998).

Given our practice of deferring to an agency's reasonable statutory interpretation, *see Sibley Mem'l Hosp. v. District of Columbia Dep't of Employment Servs.*, 711 A.2d 105, 108 (D.C.1998), as well as the inconsistencies of the record both as to facts and findings, it is necessary that we vacate the agency's decision and remand this case for further consideration.

*So ordered.*